IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

NELSON PIGG, BRIAN PIGG, SR.,
and BRIAN PIGG, JR.,
**Defendants Below, Petitioners**

**FILED**
**December 22, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-44**     (Cir. Ct. Summers Cnty. Case No. CC-45-2023-C-14)

MONROE DARROW EADS
and GLENDA T. EADS,
**Plaintiffs Below, Respondents**

## MEMORANDUM DECISION

Petitioners Nelson Pigg, Brian Pigg, Sr., and Brian Pigg, Jr. (collectively, the "Piggs"), appeal the Circuit Court of Summers County's December 13, 2024, Final Order Following Bench Trial and its December 30, 2024, Amended Order Denying Motion for New Trial. The circuit court held a bench trial and concluded that the Piggs failed to establish a prescriptive easement. In addition, the circuit court awarded damages to Respondents Monroe Darrow Eads and Glenda Eads (the "Eads"). The Eads filed a joint response.[1] The Piggs did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 31, 2021, the Piggs acquired two parcels of property, an 11-acre parcel and what they understood to be an 80-acre parcel in Summers County from Thomas H. Walls, Jr. On November 30, 2021, the Eads acquired an abutting 106.45-acre parcel of land from the White family.

In January 2023, at the Piggs' request, surveyor Jon Looney created a legal description for their 80-acre parcel, using, in part, the same calls as a previous 2006 survey performed by James Wentz of what is now the Eads' property. Looney determined that the Piggs' purported 80-acre parcel was, in fact, 64.08 acres. Additionally, Looney placed the

---

[1] The Piggs are represented by William S. Winfrey II, Esq. The Eads are represented by Anna R. Ziegler, Esq.

Piggs' 11-acre parcel within the boundaries of the Eads' property. In a separate survey of the subject properties, the Eads' surveyor, Jeffrey Chambers, located the Piggs' 11-acre parcel nearly half a mile to the east of the Looney survey's location.

The Eads filed the underlying action to remove the cloud on title to the 11-acre parcel caused by Looney's incorrect survey. The Piggs filed a counterclaim asserting a right-of-way by prescription through the Eads' property, which provided access to the Piggs' 64.08-acre parcel. The Piggs alleged that they had a right-of-way through the Eads' property from Big Rock Road, across a field and into a wooded area on the Eads' property. The Eads claim that by asserting ownership of 11 acres of their property and by asserting a right-of-way through a field on the Eads' property, the Piggs effectively excluded the Eads from using their property for its intended purpose. The Eads had purchased the property with the intention of fencing it, using timber from the wooded area, a portion of which is within the area claimed by the Piggs, to construct fences and barns and to run cattle. Mr. Eads claims that they lost $40,000.00 per year for two years from the anticipated sale of cattle he had planned to raise on their encumbered property.

The circuit court held a bench trial on September 17, 2024. At the trial, the parties, several predecessors in title, and the surveyors testified, and various exhibits, including deeds, surveys, and photographs, were presented. The matter was taken under advisement and on December 13, 2024, the circuit court entered the Final Order Following Bench Trial. In that order, the circuit court concluded that the Piggs did not establish a prescriptive easement because everyone who used the right-of-way did so with permission and there was no adverse use. The circuit court awarded lost profits and other damages in the amount of $40,000 per year for two years and the cost of the Eads' survey work.

On December 19, 2024, the Piggs filed a motion seeking relief under Rule 59 of the West Virginia Rules of Civil Procedure, asserting clear error by the circuit court in its assessment of the prescriptive easement evidence and asserting that the damages awarded by the circuit court were not supported by Mr. Eads' testimony. On December 30, 2024, the circuit court entered an order denying the Piggs' Rule 59 motion. This appeal of the circuit court's two orders followed.

We review the December 13, 2024, order under the following standard:

In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

2

Syl. Pt. 1, *Public Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996). Further, Rule 52(a) of the West Virginia Rules of Civil Procedure provides, in pertinent part, that, when a court sits without a jury, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."[2] The December 30, 2024, order denying relief pursuant to Rule 59 of the West Virginia Rules of Civil Procedure will be reviewed under "the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed." Syl. Pt. 1, *Wickland v. Am. Travellers Life Ins. Co.*, 204 W. Va. 430, 513 S.E.2d 657 (1998). With these standards in mind, we will address the Piggs' two assignments of error.

The Piggs first assert that the circuit court erroneously determined the Piggs did not have a prescriptive easement for a right-of-way across the Eads' property. The Piggs argue that they established that their use of the roadway was open and notorious, was adverse, and was continuous and interrupted for a period in excess of ten (10) years as shown by the testimony of multiple witnesses. In addition, they argue that the precise location of the roadway can be adduced from the aerial photographs, and they showed there was no other convenient way onto their property. We disagree.

To establish a prescriptive easement,

> [a] person claiming a prescriptive easement must prove each of the following elements: (1) the adverse use of another's land; (2) that the adverse use was continuous and uninterrupted for at least ten years; (3) that the adverse use was actually known to the owner of the land, or so open, notorious and visible that a reasonable owner of the land would have noticed the use; and (4) the reasonably identified starting point, ending point, line, and width of the land that was adversely used, and the manner or purpose for which the land was adversely used.

Syl. Pt. 1, *O'Dell v. Stegall*, 226 W. Va. 590, 703 S.E.2d 561 (2010). "'[A]dverse use' of land is a wrongful use, made without the express or implied permission of the owner of the land." *Id.*, Syl. Pt. 5. Applying the facts in this case to the *O'Dell* elements, we find no error in the circuit court's conclusion that the Piggs failed to establish their prescriptive easement claim. Several trial witnesses testified that the right-of-way was used with

---

[2] Rule 52(a) of the West Virginia Rules of Civil Procedure was amended on January 1, 2025, but the order at issue here was entered prior to this amendment taking effect. As a result, the former version of this rule applies here. However, the updated version of the rule includes substantially similar language. *See* W. Va. R. Civ. P. 52(a)(6) (2025).

permission of the Eads or their predecessors in title until the parties' dispute arose in 2021. Permissive use of the right-of-way here defeats adversity. *See Teubert Family Farms, LLC v. Bragg*, 242 W. Va. 445, 450, 836 S.E.2d 412, 417 (2019) ("[I]f the use of the land in dispute is permissive, the element of hostility or adversity is negated."). Moreover, the Piggs failed to identify the precise location of the right-of-way and failed to establish that the alleged right-of-way was used for anything other than for hunting access. Based on our review of the trial testimony and exhibits, we find no error in the circuit court concluding that the Piggs failed to establish a prescriptive easement.

The Piggs next argue that the circuit court erred in awarding the Eads damages for lack of use of their property. Regarding damages, "the burden of proving damages by a preponderance of the evidence rests upon the claimant[.]" Syl. Pt. 4, in part, *Sammons Bros. Const. Co. v. Elk Creek Coal Co.*, 135 W. Va. 656, 65 S.E.2d 94 (1951). Additionally, "[t]he general rule with regard to proof of damages is that such proof cannot be sustained by mere speculation or conjecture." Syl. Pt. 1, *Spencer v. Steinbrecher*, 152 W. Va. 490, 164 S.E.2d 710 (1968); Syl. Pt. 6, *Taylor v. Elkins Home Show, Inc.*, 210 W. Va. 612, 558 S.E.2d 611 (2001). The circuit court determined that the Piggs "are liable for damages to the [Eads'] trees, land, and farming business in the amount of $40,000 per year for each of the last two years," and for "the cost of the Chambers survey work." The circuit court arrived at the $40,000 per year figure based on testimony from Mr. Eads, an experienced farmer, that he was unable to keep cattle or maintain other farming activities on the property due to the Piggs' actions and as a result, he lost income of $40,000 in a year. However, the Piggs failed to refute Mr. Eads' damages testimony. They did not object to Mr. Eads' testimony regarding damages, they did not cross-examine Mr. Eads regarding damages, and they did not present any rebuttal evidence. Therefore, we cannot conclude that the circuit court erred in awarding damages to the Eads.

For the foregoing reasons, we find no error in the circuit court's conclusions that the Piggs did not establish a prescriptive easement, and we find no error in the circuit court's damages award to the Eads. For the same reasons, we conclude that the circuit did not err in denying the Piggs' Rule 59 motion.

Accordingly, the circuit court's December 13, 2024, and December 30, 2024, orders are affirmed.

Affirmed.

**ISSUED:** December 22, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White